## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Manuel Alvarez,<br><br>      Plaintiff,<br><br>v.<br><br>Cloud Willis & Ellis, LLC,<br><br>      Defendant. | Case No.: 0:20-cv-2548<br><br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.    This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

3.      Jurisdiction of this Court arises under U.S.C. § 1692k(d) and common law.

4.      Venue is proper because the acts and transactions occurred here, Plaintiff resides in Minnesota, and Defendant transacts business here.

5.      Defendant has transacted business within the State of Minnesota by attempting to collect a debt from Plaintiff via means of interstate commerce and/or the mails while Plaintiff was located within and permanently residing within the State of Minnesota.

6.      Defendant has transacted business within the State of Minnesota by operating a collection agency, making collection calls into Minnesota, and/or directing debt collection activities to Minnesota consumers.

## PARTIES

7.      Plaintiff Manuel Alvarez (hereinafter "Plaintiff") is a natural person who resides in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8.      Defendant Cloud Willis & Ellis, LLC, (hereinafter "Defendant") is a foreign corporation formed under Alabama state law and a collection agency unlicensed in Minnesota and law firm unlicensed in Minnesota, operating from a principal office address of 3928 Montclair Road, Suite 227, Birmingham, AL 35213, with a registered agent of Brian M. Cloud, 3928 Montclair Road, Suite 227, Birmingham, AL 35213, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.      Within one year immediately preceding the filing of this complaint, Defendant

attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a pharmacy bill in the amount of $880.97 in the State of Minnesota.

10. Plaintiff disputes this alleged debt, the final bill on this account, and any remaining balance, and is represented by the undersigned counsel both with respect to this debt and to the claims made herein.

### *Defendant's Deceptive Collection Letter*

11. Sometime on or around September 21, 2020, Defendant contacted Plaintiff in an attempt to collect this debt by sending Plaintiff a debt collection letter into Minnesota ("letter").

12. Defendant's letter states falsely implied a threat of legal action against Plaintiff when it states in pertinent part:

> *This Firm has been hired* by Alpha Omega Pharmacy Llc to collect the above-referenced account. Because of your failure to make payments as they become due, the account is now in default. The entire Balance Owed is due and *demand is hereby made for payment of the Balance Owed.*
>
> **Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. This office is attempting to collect a debt. Any information obtained will be used for that purpose. *All further communications***

-3-

***should be with this office only by contacting our law firm at (205) 201-7270 or (866) 728-2098.*** **This communication is from a debt collector.**

…

<u>PLEASE READ THE FOLLOWING INFORMATION:</u>

At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account. ***Cloud Willis & Ellis, LLC is not, at the time this letter was sent, acting as an attorney.*** We are acting as a debt collector. This letter should not be construed as a threat that this office will file suit against you. The attorneys in our firm are licensed to practice law only in Alabama and Georgia. Please make arrangements to pay this account I trust that you will give this letter your considered attention. If you would like to discuss payment or have any questions regarding this correspondence, please contact our office.

Very truly yours,
**Cloud Willis & Ellis, LLC**

(italics added; bold and underline in original)

13. Defendant's inclusion of the statement with the "g-notice" required by the FDCPA that, "All further communications should be with this office only by contacting our law firm at (205) 201-7270 or (866) 728-2098," would mislead an unsophisticated consumer about their right to dispute a debt in writing under 15 U.S.C. § 1692g, because it undermines and overshadows the import and meaning of this statutory notice of the Plaintiff's rights.

14. Defendant's notice as required by 15 U.S.C. § 1692g is therefore a materially false and deceptive collection communication because it specifically contradicts the rights that Plaintiff has under the FDCPA in that it seeks to limit his communications with Defendant to a phone call—rather than allowing Plaintiff to dispute this debt in writing, as is his right under the FDCPA.

15.   A debt collector like Defendant who misstates or undermines a consumer's right to dispute a debt in writing in order to obtain verification and validation information about that debt, violates the FDCPA with respect to Plaintiff. 15 U.S.C. §1692g.

16.   By instructing Plaintiff to only contact Defendant by phone at the very end of this statutorily required notice, Defendant's 15 U.S.C. §§ 1692g notice overshadows Plaintiff's rights to dispute this debt under the FDCPA and serves to contradict, confuse, mislead, and overshadow his right to dispute this debt and diminishes the clarity of the statutory validation notice.

### *Defendant's Unlicensed Collection Activity in the State of Minnesota*

17.   Defendant had neither the right nor the legal ability to collect this debt from Plaintiff because Defendant is not a licensed collection agency, not a licensed attorney and/or not a registered law firm within the State of Minnesota.

18.   An unsophisticated consumer may be confused by the conflicting language of this letter, which on the one hand suggests that Defendant's law firm is involved in collecting this debt, but on the other hand suggesting that no attorney has been involved.

19.   Minnesota law provides in pertinent part:

    **332.33 LICENSING AND REGISTRATION.**

    Subdivision 1. **Requirement**. Except as otherwise provided in this chapter, no person shall conduct within this state a collection agency or engage within this state in the business of collecting claims for others as defined in sections 332.31 to 332.44, without having first applied for and obtained a collection agency license. A person acting under the authority of a collection agency, as a collector, must first register with the commissioner under this section. A

registered collector may use one additional assumed name only if the assumed name is registered with and approved by the commissioner.

Subd. 2. **Penalty**. A person who carries on business as a collection agency without first having obtained a license or acts as a collector without first having registered with the commissioner pursuant to sections 332.31 to 332.44, or who carries on this business after the revocation, suspension, or expiration of a license or registration is guilty of a misdemeanor.

*Id.*

20. Minnesota law prohibits unlicensed collection agencies from collecting consumer debts without first being licensed in Minnesota and registering themselves with the Minnesota Secretary of State. Minn. Stat. §§ 332.31-332.44.

21. Minnesota law prohibits a collection agency like Defendant from communicating with consumers in a misleading or deceptive manner by using the stationery of a lawyer. Minn. Stat. § 332.37 subd. (5).

22. Defendant's collection letter sent to Plaintiff on law firm letterhead, when Defendant is not authorized to practice law in the State of Minnesota and not licensed as a collection agency in the State of Minnesota, was an illegal act and a false and deceptive collection communication in violation of the FDCPA.

23. Collection agency activities such as those undertaken by Defendant are heavily regulated activities within the State of Minnesota. See Minn. Stat. §§ 332.31-332.44.

24. The practice of law is also a heavily regulated activity within the State of Minnesota.

25. Minnesota law prohibits an unlicensed lawyer from holding itself out by word, letter or deed as competent to practice law.

26.  It was a false and deceptive debt collection practice for Defendant to suggest that it was authorized by Minnesota law to send a collection letter on attorney letterhead into the State for Minnesota without having first been licensed to practice law in Minnesota, and with having registered itself as a legal services corporation in Minnesota with the Minnesota Secretary of State.

27.  Plaintiff has substantive rights to deal with only collection agencies that are licensed, background-checked, bonded, regulated, and registered with the Secretary of State in Minnesota, and Defendant is none of these.

28.  It was illegal for Defendant to operate as either a law firm and/or collection agency in the State of Minnesota without a license and this illegal conduct materially affected Plaintiff's ability to intelligently respond to this collection activity by Defendant.

29.  It is a materially false and deceptive debt collection practice for Defendant to hold itself out as authorized to engage in consumer debt collection within the State of Minnesota when it is not and a violation of Plaintiff's rights under the FDCPA to be treated fairly by debt collectors who comply with state laws regulating their collection activities.

30.  The above-described communications and conduct from Defendant toward Plaintiff represent numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(9), 1692e(10), 1692e(11), 1692f, and 1692f(1), amongst others, as well as violations of Minnesota law.

*Summary*

31.     The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA and Minnesota law.

32.     These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA and Minnesota law, including but not limited to all of the provisions of those laws cited herein.

33.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

34.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

35.     Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

36.     Plaintiff has suffered an injury in fact that is fairly traceable to Defendant's conduct

and that is likely to be redressed by a favorable decision in this matter.

### *Unauthorized Practice of Law*

37.    Minnesota Statute § 481.02 states in pertinent part:

> **481.02 UNAUTHORIZED PRACTICE OF LAW.**
>
> Subdivision 1. Prohibitions. **It shall be unlawful for any person or association of persons, except members of the bar of Minnesota admitted and licensed to practice as attorneys at law, to** appear as attorney or counselor at law in any action or proceeding in any court in this state to maintain, conduct, or defend the same, except personally as a party thereto in other than a representative capacity, or, **by word, sign, letter, or advertisement, to hold out as competent or qualified to give legal advice or counsel, or to prepare legal documents, or as being engaged in advising or counseling in law or acting as attorney or counselor at law**, or in furnishing to others the services of a lawyer or lawyers, or, for a fee or any consideration, to give legal advice or counsel, perform for or furnish to another legal services, or, for or without a fee or any consideration, to prepare, directly or through another, for another person, firm, or corporation, any will or testamentary disposition or instrument of trust serving purposes similar to those of a will, or, for a fee or any consideration, to prepare for another person, firm, or corporation, any other legal document, except as provided in subdivision 3.
>
> Subd. 2. Corporations. No corporation, organized for pecuniary profit, **except an attorney's professional firm organized under chapter 319B**, by or through its officers or employees or any one else … shall to any extent engage in, or hold itself out as being engaged in, the business of supplying services of a lawyer or lawyers; …

(Bold emphasis added.)

38.    Defendant is not an attorney licensed to practice law in Minnesota and this law firm entity is not registered with the Minnesota Secretary of State.  *See generally*, Minn. Stat. § 319B.03.

39.    Plaintiff could reasonably be misled into believing that Defendant had the right to sue Plaintiff in Minnesota to collect this debt, when it did not.

40. Plaintiff could reasonably be misled into believing that Defendant was authorized to practice law here in Minnesota, when it was not.

41. Defendant sent a letter into the State of Minnesota to Plaintiff which demanded money for the payment of this debt on attorney letterhead.

42. By holding itself out as a law firm and engaging in lawyerly collection activities with respect to Plaintiff within the State of Minnesota, Defendant has therefore engaged in the unauthorized practice of law with respect to Plaintiff and is therefore liable for actual damages, attorney's fees, and costs.

43. The collection activities undertaken by Defendant without first having properly licensed this entity as a foreign law firm under Minnesota law constitutes the unauthorized practice of law in violation of Minn. Stat. § 481.02, Subd. 1.

44. Defendant is also not licensed to collect debts within the State of Minnesota, even though it could have obtained a collection agency license from the Minnesota Department of Commerce, as many out-of-state law firms have done.

45. The transmission of this collection letter to Plaintiff by Defendant suggesting that these communications were from a lawyer and a law firm, when these persons were not authorized to engage in the practice of law within Minnesota, constitutes the unauthorized practice of law with respect to Plaintiff in violation of Minn. Stat. § 481.02, Subd. 1, and Defendant is therefore liable for Plaintiff's actual damages, attorney's fees, and costs.

46. It was an independently false and deceptive debt collection practice in violation of the FDCPA by Defendant to state, suggest, or imply that it was in fact authorized to

practice law within the State of Minnesota when it was not by sending this attorney collection letter to Plaintiff in Minnesota.

47.   The debt collection activities within the State of Minnesota by Defendant, an unlicensed attorney, were actions done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(9), 1692e(10), and 1692f, amongst others.

### *Respondeat Superior Liability*

48.   The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

49.   The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

50.   By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

51.   Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

52.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues

so triable.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

53.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.   The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

55.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

56.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.   Defendant's foregoing acts, as described herein, in attempting to collect this debt by conducting unlicensed legal collection activities and sending a collection demand

letter to Plaintiff in Minnesota, and falsely suggesting itself as authorized to provide legal services within Minnesota on behalf of its corporate client, was the unauthorized practice of law in Minnesota.

58. Plaintiff is therefore entitled to declaratory relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, declaring Defendant's actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02.

59. Plaintiff is also entitled to injunctive relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, enjoining Defendant from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02.

60. Plaintiff is also entitled to Plaintiff's attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual and statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for a declaration that Defendant's actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- for an order enjoining Defendant from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- for an award of Plaintiff attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a;

- and for such other and further relief as may be just and proper.

Respectfully submitted,

**THE BARRY LAW OFFICE, LTD**

Dated: December 16, 2020

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
2828 University Ave. SE, Suite 202
Minneapolis, Minnesota 55414-4127
Telephone:  (612) 379-8800
pbarry@lawpoint.com

*Attorney for Plaintiff*

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF MINNESOTA      )
                              ) ss
COUNTY OF HENNEPIN      )

Pursuant to 28 U.S.C. § 1746, Plaintiff Manuel Alvarez verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on     Dec 16, 2020

Manuel Alvarez (Dec 16, 2020 09:00 CST)
_____
Signature

**NOTICE TO PRESERVE ALL DOCUMENTS, RECORDINGS, AND TANGIBLE THINGS, AND ALL ELECTRONICALLY STORED INFORMATION ("Notice")**

To the Defendant(s) Above:

**As you know, this law firm has been retained to represent the Plaintiff in the above captioned matter ("Lawsuit").**  As used in this notice, the terms "you" and "your" refer to the Defendant(s) above-named and their predecessors, successors, parents, subsidiaries, divisions and affiliates and its respective officers, directors, agents, attorneys, accounts, employees, partners, contractors and other persons occupying similar positions or performing any functions on behalf of Defendant.

**My client respectfully demands that you preserve all recordings, documents, tangible things and electronically stored information that are in anyway relevant to the Lawsuit.** A civil suit has been commenced against you by my client in the District Court herein, related to the matters described herein.

**You have a legal duty to preserve evidence in this matter.**  This duty to preserve evidence exists not only after the formal commencement of litigation, but whenever a party knows or should know that litigation is reasonably foreseeable. The Minnesota Supreme Court has specifically addressed this issue:

> We have said that the spoliation of evidence is the "failure to preserve property for another's use as evidence in pending or future litigation." *Federated Mut. Ins. Co. v. Litchfield Precision Components, Inc.,* 456 N.W.2d 434, 436 (Minn.1990) (quoting *County of Solano v. Delancy,* 264 Cal.Rptr. 721, 724 n. 4 (Cal.Ct.App.1989)). Further, we have recognized that, regardless of whether a party acted in good or bad faith, "the affirmative destruction of evidence has not been condoned." *Patton,* 538 N.W.2d at 119. The duty to preserve evidence[2] exists not only after the formal commencement of litigation, but whenever a party knows or should know that litigation is reasonably foreseeable. *See id.* at 118–19. Breach of the duty to preserve evidence once such a duty arises may be sanctioned, under a court's inherent authority, as spoliation. *See id.* at 118. Here, we specifically reaffirm our rule that custodial parties have a duty to preserve relevant evidence for use in litigation. *Id.* at 116. We also reaffirm our previously stated rule that, even when a breach of the duty to preserve evidence is not done in bad faith, the district court must attempt to remedy any prejudice that occurs as a result of the destruction of the evidence. *Id.*

<u>Miller v. Lankow</u>, 801 N.W.2d 120, 127–28 (Minn. 2011)

**Once a duty to preserve evidence has arisen, the breach of that duty may subject a party to sanctions under a court's inherent authority as spoliation.** "Courts have long afforded redress for the destruction of evidence * * *." Federated Mut. Ins. Co. v. Litchfield Precision Components, Inc., 456 N.W.2d 434, 436 (Minn.1990).

**Much of the information that is subject to disclosure or responsive to discovery in this case may be stored on your current and former computer systems and other media and devices, including personal digital assistants, voice messaging systems, online repositories, telephone recording systems, hard drives and cell phones.**  The term Electronically Stored Information (hereinafter "ESI") should be afforded the broadest possible meaning and includes (by way of example and not as an exclusive list) potentially relevant information electronically, digitally, magnetically, optically or otherwise stored as:

- Audio and/or video records of any telephone calls and conversations made related to the events described in the Lawsuit
- digital communications (for example email, voicemail, imaging, scanning, and/or instant messaging);
- email service stores and server information (for example SQL Server, Oracle, Dropbox, Box, lotus, domino.nsf, Microsoft exchange.edb, Google Corporate Gmail, etc.);
- word processing documents (for example Microsoft Word or WordPerfect files and all drafts thereof);
- spreadsheets and tables;
- accounting application data;
- imaging and facsimile files;
- recordings of any conversations with my client;
- phone records of any calls to my client;
- databases (for example Access, Oracle, SQL Server data);
- Contact and relationship data management (for example Outlook, Ask or Interaction);
- Calendar and diary application data;
- online access data (for example temporary internet files, history files and cookies);
- presentations (for example PowerPoint and Corel presentations);
- network access and server activity logs relating to information exchanged between you and third parties, and by you with third parties;
- project management application data;
- backup and archival files;
- letters, documents, or correspondence of whatever kind related to existing loss prevention policies, and changes, updates, alterations made to loss prevention policies for the past three (3) years

**My client hereby demands that you preserve both accessible and inaccessible ESI**. This demand is reasonable and necessary. Pursuant to the Rules of Civil Procedure, in the event of an eventual civil suit you must identify all sources of ESI you decline to produce and demonstrate why such sources are not reasonably accessible. For good cause shown in that event, the Court may order production of ESI even if it is not reasonably accessible. Accordingly, you must preserve ESI that you deem inaccessible so as not to preempt the Court's authority.

**Preservation requires your immediate intervention.** You must act immediately to preserve potentially relevant ESI, including, without limitation, information and the earlier of a created or last modified date for ESI concerning any activity, updates, changes, alterations, or modifications to the information maintained by you related to the events described in the above-referenced lawsuit, through the date of this demand. Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must immediately intervene to prevent loss due to routine operations or malfeasance and employ proper techniques and protocols to preserve ESI. Booting a drive, examining its contents or running any application may irretrievably alter the evidence contained therein and constitute spoliation of evidence.

**You are also directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with that litigation hold.** You are further directed to immediately identify and modify or suspend features of your information systems and devices, which, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations that could result in spoliation include:

- purging the contents of email repositories by age, capacity or any other criteria
- using data or media wiping, disposal, erasure of encryption utilities or devices
- overriding erasing, destroying or discarding backup media
- reassigning, re-imaging or deposing of systems, servers, devices or media
- running antivirus or other programs affecting wholesale metadata alteration
- releasing or purging online storage repositories
- using metadata stripper utilities
- disabling server, packet or local instant messaging login
- executing drive or file defragmentation or compression programs
- shredding or other destruction of documents, routine or otherwise

**You should anticipate that your officers, employees, or others may seek to hide, destroy or alter ESI.** This is not a concern that is unique to you or your organization.

Rather it is simply conduct that occurs with such regularity that any custodian of ESI and their counsel must anticipate and guard against its occurrence. You are directed to preserve complete backup tape sets (including differentials and incrementals) containing recordings, emails and ESI for any person involved in the activity, updates, changes, alterations, or modifications to the information maintained by you related to the events described in the above-referenced lawsuit, through the date of this demand, whether inside or outside of your organization and control. You should also take affirmative steps to prevent anyone with access to your data, systems or archives from seeking to modify destroy or hide ESI.

**As an appropriate and cost-effective means of preservation, you should remove from service and securely sequester the systems, media and devices housing potentially relevant ESI.** In the event that you deem it impractical to sequester those systems, we believe that the breadth of preservation required, coupled with the modest number of systems implicated, dictates that forensically sound imaging of the systems identified above is expedient and cost effective. As we anticipate the need for forensic examination of one or more of the systems and the presence of relevant evidence in forensically accessible areas of the drives, we demand that you employ forensically sound ESI preservation methods. Failure to use such methods imposes a significant threat of spoliation and data loss. Be advised that a conventional copy, backup or ghosting of a hard drive does not produce a forensically sound image because it only captures active, unlocked data files and fails to preserve forensically significant data.

**You should anticipate that certain ESI, including but not limited to recordings, spreadsheets and databases will be sought in the forms or form in which it was ordinarily maintained, that is in native form.** Accordingly, you should preserve ESI in such native forms and should not employ methods to preserve ESI that remove or degrade the ability to search ESI by electronic means or that make it difficult or burdensome to use that information.

**You should further anticipate the need to disclose and produce system and application metadata and act to preserve it.** System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Metadata may be overwritten or corrupted by careless handling or improper preservation, including by moving, copying or examining the contents of files. As hard copies do not preserve electronic search ability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both the forms.

**We desire to work with you to agree upon an acceptable protocol for forensically sound preservation and can supply a suitable protocol if you will furnish an inventory and description of the systems and media to be preserved.** Alternatively, if you

promptly disclose the preservation protocol you intend to employ, perhaps we can now identify any points of disagreement and resolve them.

**A successful and compliant ESI preservation effort requires expertise.**  If you do not currently have such expertise, we urge you to engage the services of an expert in electronic evidence and computer forensics.  Perhaps our respective experts can work cooperatively to secure a balance between evidence preservation and burden that is fair to both sides and acceptable to the Court.  I am available to discuss reasonable preservation steps; however, you should not defer preservation steps pending such discussions if ESI may be lost or corrupted as a consequence of delay.  Should your failure to preserve potentially relevant evidence result in the corruption, loss or delay of production of evidence to which we are entitled, that failure would constitute spoliation of evidence.

**Please confirm in writing no later than five (5) business days from the date of this Notice, that you have taken the steps outlined in this Notice to preserve ESI and tangible documents potentially relevant to this pending action.**  If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

If you retain legal counsel with respect to these matters, please direct this Notice to their immediate attention.  Thank you for your anticipated cooperation in this vital matter.

Respectfully submitted,

**THE BARRY LAW OFFICE, LTD**

Dated: December 16, 2020

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
2828 University Ave. SE, Suite 202
Minneapolis, Minnesota 55414-4127
Telephone:  (612) 379-8800
pbarry@lawpoint.com

*Attorney for Plaintiff*